## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

STANLEY E. YATES, JR., et al.,           :
      Plaintiffs,                             :
                                              :        CIVIL ACTION
          v.                               :
                                              :        NO. 11-7488
COMMERCIAL INDEX BUREAU, INC.,  :
et al.,                                           :
      Defendants.                            :


April __24__, 2012                                                      Anita B. Brody, J.

### MEMORANDUM

Plaintiffs Stanley E. Yates, Jr. and Denyse Yates bring suit against Defendants

Commercial Index Bureau, Inc. ("CIB"), Rockne F. Cooke, Gordon W. Rusinko,[1] and National

Railroad Passenger Corporation ("AMTRAK"), alleging federal claims of violation of the Health

Insurance Portability and Accountability Act ("HIPAA") and state law claims of invasion of

privacy and trespass. Defendants CIB, Cooke, and Rusinko (collectively, "CIB Defedants") have

filed a motion to dismiss all claims against them.[2]  For the reasons set forth below, the motion

will be granted in part and denied in part.

---

[1] Defendant is listed in the caption of the case as Gordon W. Rusiniko because that is how his name is spelled on the Notice of Removal.  However, the Complaint and the parties' filings reflect that the correct spelling of Defendant's name is Gordon W. Rusinko, which is how he will be referred to in this opinion.

[2] In their motion to dismiss, CIB Defendants moved to dismiss Stanley Yates's HIPAA claim against CIB.  In my Order entered on March 2, 2012, I granted CIB Defendants' motion to dismiss this claim and reserved judgment on the remaining claims that CIB Defendants sought to dismiss.  ECF No. 15.  I now address those remaining claims.

**I. BACKGROUND[3]**

In November 2008, Stanley E. Yates. Jr. filed a personal injury lawsuit against AMTRAK.  Unbeknownst to Stanley Yates, AMTRAK hired CIB, a private investigation firm, "to conduct a background investigation and surveillance to determine the current level of physical activity performed by Stanley E. Yates, Jr. . . . ."  Compl. ¶ 13 (internal quotation marks omitted).  "Rockne F. Cooke owned, operated, controlled, managed, worked for, or was the agent of CBI [sic]," and "CBI [sic] employed managed, and/or directed Gordon W. Rusinko's activities."  Compl. ¶ 8, 10.

Stanley Yates did not learn that AMTRAK had hired CIB to investigate him until January 21, 2011 when AMTRAK gave him CIB's reports, surveillance logs, and videos.  CIB's report reveals that, on February 5, 2009, Rusinko was working for CIB surveilling Stanley Yates at his home where he lived with his wife, Denyse Yates, and their children.  During this sureveillance, Rusinko "intentionally intruded" onto the family's land.  Compl. ¶ 17.  Rusinko went to the house and rang the doorbell.  Stanley Yates answered the doorbell and "told the investigator that during the last snow storm they had used a broom to clean the snow off."  Compl. ¶ 16.

Additionally, CIB's report reveals that CIB communicated with several hospitals as part of "a records investigation of Stanley E. Yates, Jr. in order to develop [his] health history."  Compl. ¶ 36 (internal quotation marks omitted).  CIB was able to confirm that Stanley Yates received treatment at five different hospitals through hospital records that identified such items as Stanley Yates's name, date of birth, and social security number.  From its records investigation, CIB was able to learn the specific dates that Stanley Yates had been seen for ER

---

[3] All facts in this section are taken from Plaintiffs' Complaint.

2

visits at Beverly Hospital and Pinnacle Health System Harrisburg Hospital. CIB was also able to learn the specific dates that Stanley Yates had been seen for outpatient visits at North Shore Medical Center and Holy Spirit Hospital. While Hanover Hospital confirmed that Stanley Yates had been treated at the facility, CIB noted, "no information would be released over the phone, due to HIPAA regulations. We do not have consent." Compl. ¶ 36 (internal quotation marks omitted).

After learning of CIB's investigation, Stanley and Denyse Yates filed the present action.

## II. LEGAL STANDARD

A motion to dismiss should be granted under Rule 12(b)(6) if the moving party "under any reasonable reading of the complaint . . . may be entitled to relief." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010) (internal quotation marks omitted). The complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50.

3

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.  However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered . . . ."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (citations omitted) (internal quotation marks omitted).  Thus, a court "may . . . consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.  DISCUSSION

The claims brought by Stanley and Denyse Yates against CIB Defendants stem from two distinct events: CIB's February 5, 2009 surveillance of their home and CIB's investigation of Stanley Yates's health records.  The discussion of their claims will be organized around these two events.

### A.  CIB's Feburary 5, 2009 Home Surveillance

Stanley and Denyse Yates bring claims against CIB Defendants[4] for invasion of property and trespass stemming from CIB's surveillance of their home on February 5, 2009.  They allege that these state law violations occurred when CIB employee, Rusinko, intruded on their property,

---

[4] The claims discussed in this section are brought either individually against CIB or Rusinko.  There are no claims brought against Cooke.  It is unnecessary to identify the specific defendant in each claim in order to resolve this motion.  For ease of reference, the claims in this section will be discussed as if they were filed against CIB Defendants.

knocked on their door, and proceeded to ask Stanley Yates, who had answered the door, a single question about snow removal. CIB Defendants argue that the statute of limitations bars these claims. Additionally, CIB Defendants contend that Stanley and Denyse Yates have failed to plead the required elements of these claims.

Under Pennsylvania law, the statute of limitations for invasion of privacy is one year. 42 PA. CONS. STAT. ANN. § 5523(1). Whereas, the statute of limitations for trespass is two years. 42 PA. CONS. STAT. ANN. § 5524(4). "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises. Generally speaking, in a suit to recover damages for personal injuries, the right arises when the injury is inflicted." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citations omitted). "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action," unless an exception applies, such as the discovery rule, which acts to toll the running of a statute of limitations. *Id.* at 857-58.

Both the alleged invasion of privacy and trespass took place on February 5, 2009; however, the Complaint was not filed until November 2, 2011. CIB Defendants argue that the invasion of privacy and trespass claims should be dismissed because they are barred by their respective statutes of limitations. Stanley and Denyse Yates counter that the discovery rule applies to all of these claims because Stanley Yates did not become aware of CIB's investigation until January 21, 2011; thus, the statutes of limitations should be tolled.

"The discovery rule provides that where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is

5

reasonably possible." *Dalrymple v. Brown*, 701 A.2d 164, 167 (Pa. 1997). "[T]he salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, 870 A.2d at 858. "Although the purpose of this rule is to mitigate, in worthy cases, the harshness of an absolute and rigid period of limitations, it is also true that the rule cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists." *Dalrymple*, 701 A.2d at 167 (internal quotation marks omitted). The party seeking to rely upon the discovery rule bears the burden of establishing its applicability. *Id.* "Where . . . reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law." *Fine*, 870 A.2d 858-59.

In order to determine whether Stanley and Denyse Yates were aware of their injuries or should have known of them with the exercise of reasonable diligence, it is important to understand how the torts of invasion of property and trespass are defined in Pennsylvania. Although Stanley and Denyse Yates bring generalized claims of invasion of privacy, "the action for invasion of privacy is actually comprised of four analytically distinct torts: 1) intrusion upon seclusion, 2) appropriation of name or likeness, 3) publicity given to private life, and 4) publicity placing a person in false light." *Marks v. Bell Tel. Co. of Pa.*, 331 A.2d 424, 430 (Pa. 1975). CIB Defendants contend, and Stanley and Denyse Yates do not contest, that their only possible claim is a claim for intrusion upon seclusion. Section 652B of the Restatement (Second) of Torts provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for

invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."[5] Whereas, "[u]nder Pennsylvania law, a trespass is defined as an unprivileged, intentional intrusion upon land in possession of another." *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 725 (W.D. Pa. 1994) (citing *Kopka v. Bell Tel. Co.*, 91 A.2d 232, 235 ( Pa. 1952)).

Neither invasion of privacy nor trespass require a complainant to have knowledge of the reasons for the intrusion. Rather, the intentional intrusion itself, along with, in the case of intrusion upon seclusion, the requisite invasion of privacy and harm, is sufficient to establish these torts. On February 5, 2009, Stanley Yates was clearly aware of Rusinko's intentional intrusion on his land because he answered the door and spoke to Rusinko. The discovery rule is inapplicable to Stanley Yates's claims because he knew of his alleged injury and its cause at the time it was inflicted. As for DenyseYates, given that her husband answered the door and spoke with Rusinko, with reasonable diligence she could have known of her injury and its cause; thus, the discovery rule is inapplicable to her claims. Because Stanley and Denyse Yates have not met their burden of establishing the applicability of the discovery rule, their claims are barred by the statutes of limitations. Therefore, I will grant CIB's motion to dismiss the trespass claims and the invasion of privacy claims relating to CIB's surveillance of the home of Stanley and Denyse

---

[5] "[The] Supreme Court has not officially adopted the definition of intrusion upon seclusion as set forth in the *Restatement (Second) of Torts*; however, [the] Court has relied upon § 652B in analyzing such claims." *Tagouma v. Investigative Consultant Servs., Inc.*, 4 A.3d 170, 174 (Pa. Super. Ct. 2010); *accord O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989) ("Pennsylvania courts have consistently followed the Restatement in this area of tort law."); *see, e.g., Burger v. Blair Med. Assocs., Inc.*, 964 A.2d 374, 379 (Pa. 2009) (citing RESTATEMENT (SECOND) OF TORTS § 652B).

Yates.[6]

### B.  CIB's Investigation of Stanley Yates's Health Records

Stanley Yates brings five claims of invasion of privacy against CIB for its communication with five different hospitals in order to gain information about his health records.  Stanley Yates alleges that CIB was able to learn that he received treatment at these hospitals by identifying hospital records with his birth date, name, and social security number.   Additionally, CIB uncovered the specific dates on which Stanley Yates had visited four of the hospitals for either ER or outpatient treatment.  The fifth hospital, Hanover Hospital, would not release information over the phone because of HIPAA regulations, and CIB recognized that it did not have consent to obtain Stanley Yates's records.  CIB Defendants argue that CIB's investigation into Stanley Yates's hospital records does not amount to an invasion of privacy, especially given that Stanley Yates's right to privacy was circumscribed because he had filed a personal injury suit against AMTRAK, which put his medical history at issue.

Although Stanley Yates makes a generalized claim for invasion of privacy, CIB Defendants contend, and Stanley Yates does not contest, that his only possible claim is for intrusion upon seclusion.  Section 652B of the Restatement (Second) of Torts provides: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the

---

[6] Additionally, even if Stanley and Denyse Yates were not barred by the statute of limitations from bringing their invasion of privacy claims, these claims would likely be dismissed for failure to state a claim.  According to the Restatement (Second) of Torts: "There is . . . no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object.  Thus there is no liability for knocking at the plaintiff's door . . . ."  § 652B cmt. d.

intrusion would be highly offensive to a reasonable person."[7]  "The invasion may be (1) by physical intrusion into a place where the plaintiff has secluded himself, (2) by use of the defendant's senses to oversee or overhear the plaintiff's private affairs, or (3) some other form of investigation or examination into plaintiff's private concerns." *Harris by Harris v. Easton Publ'g Co.*, 483 A.2d 1377, 1383 (Pa .Super. Ct.1984) (citing RESTATEMENT (SECOND) OF TORTS § 652B cmt. b).  "[T]he intrusion, as well as the action, must be intentional." *O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir.1989).  "[A]n actor commits an *intentional* intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal permission to commit the intrusive act." *Id.*

Stanley Yates has sufficiently alleged that his privacy was intentionally invaded by CIB when it conducted an investigation into his hospital records, which it knew it did not have consent to obtain.  Although CIB Defendants are correct that a person who "mak[es] a claim for personal injuries . . . must expect reasonable inquiry and investigation to be made of [his] claim and to this extent [his] interest in privacy is circumscribed," *Forster v. Manchester*, 189 A.2d 147, 150 (Pa. 1963), at the motion to dismiss stage, it is difficult to ascertain whether CIB Defendants investigation into Stanley Yates's hospital records was reasonable.  Therefore, I will deny CIB Defendants motion to dismiss Stanley Yates's invasion of privacy claims relating to CIB's investigation of his health records without prejudice to CIB defendants to raise this issue at a later stage in litigation.

---

[7] *See* note 5, *supra*.

## C. Punitive Damages[8]

Stanley and Denyse Yates seek punitive damages for their claims.  CIB Defendants contend that their claims do not permit punitive damages because the alleged wrongful acts of CIB Defendants do not shock the conscience or rise to the level of outrageous conduct.  Under Pennsylvania law, "[p]unitive damages are appropriate when the act committed, in addition to causing actual damages, constitutes 'outrageous conduct,' either through reckless indifference or bad motive." *Donaldson v. Bernstein*, 104 F.3d 547, 557 (3d Cir. 1997).  It is unclear whether CIB's actions rise to the level of outrageous conduct.  Therefore, I will deny CIB Defendants' motion to strike the punitive damages claim without prejudice to CIB to raise this issue at a later stage in litigation.

## IV.  CONCLUSION

For the reasons stated above, I will grant CIB Defendants' motion to dismiss the invasion of privacy and trespass claims of Stanley and Denyse Yates that relate to the February 5, 2009 surveillance of their home.  I will deny CIB Defendants' motion to dismiss Stanley Yates's

---

[8] Although CIB Defendants have generally characterized their motion as a Rule 12(b)(6) motion to dismiss the Complaint, in the punitive damages section, they assert that they are filing a motion to strike the claim for punitive damages.  Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of the provision is to clean-up the pleadings, streamline the litigation and avoid inquiry into irrelevant matters."  *Medevac Midatlantic, LLC v. Keyston Mercy Health Plan*, 817 F. Supp. 2d 515, 520  (E.D. Pa. 2011).  "[A]lthough Rule 12(f) grants the court the power to grant a motion to strike, such motions are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142-43 (E.D. Pa. 2011) (internal quotation marks omitted).  Rule 12(f) should not be used to determine disputed and significant questions of law.  *Id.*  However, "[d]espite courts' distaste for striking pleadings and portions thereof, doing so is appropriate when the type or amount of relief sought is unavailable under law."  *Medevac*, 817 F. Supp. 2d at 520.

invasion of privacy claims that relate to CIB's investigation into Stanley Yates's health records.

Additionally, I will deny CIB Defendants' motion to strike the claim for punitive damages.

Thus, Stanley Yates is the only remaining plaintiff in the lawsuit, and his only remaining claims

are those against Defendants CIB and AMTRAK.


s/Anita B. Brody

_____

ANITA B. BRODY, J.


Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: